IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MEGAN AURORA QUIGLEY, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF MISSOULA, and COUNTY OF MISSOULA, <br><br> Defendants. | CV 19-35-M-DLC-JCL <br><br> ORDER |

**I.** **Introduction**

Plaintiff Megan Quigley, proceeding pro se, filed an application requesting leave to proceed in forma pauperis. Quigley submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Quigley's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Quigley's lodged complaint as of the filing date of hers request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Quigley's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.    Background

Quigley states City of Missoula and Missoula County law enforcement officers arrested her for various criminal offenses and placed her in "detainment." And she alleges she sustained "[i]njuries to [her] wrists & ankels during detainment, [and that] medical treatment [was] denied during detainment." (Doc. 2

at 7.) Quigley requests restitution and compensation for her "time & suffering." But other than to name the City of Missoula and Missoula County as Defendants, Quigley has not identified any specific individual involved with, and responsible for, her alleged mistreatment.

### III. Discussion

Because Quigley is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Although Quigley has not identified any individual who is allegedly responsible for violating her asserted rights, with liberal construction it appears her claims could fall within the scope of 42 U.S.C. § 1983. Section 1983 states, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

3

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.

But Quigley's complaint, as presently pled, fails to state any claim for relief under section 1983. Her pleading is defective in many ways making it impossible for the Court to determine if she actually has any cognizable and viable claim for relief.

Quigley's complaint fails to comply with at least two provisions of the Federal Rules of Civil Procedure: Rules 8(a)(2) and 10(b). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Lengthy, detailed and "[s]pecific facts are not necessary; the statement need only [...] give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Although the rules require only a short and plain statement, to establish liability for violations of a plaintiff's civil rights committed by a person acting under color of state law the plaintiff must still set forth certain basic facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355

4

(9th Cir. 1981). Thus, in any complaint the plaintiff must present short, plain statements which concisely describe: (1) the federal or constitutional right plaintiff believes was violated; (2) the name of the defendant(s) who violated the right; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to, or caused the violation of plaintiff's federal or constitutional right; and (5) what injury plaintiff suffered because of that defendant's conduct.

Here, Quigley's allegations do not include the necessary short and plain factual statements asserting viable claims for relief against any person. Quigley's vague allegations make it impossible for the Court to determine whether she can state any valid legal claim, or whether her allegations are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2). *See Dean Reed Production Corp. v. Los Angeles County Dept. of Children and Family Services*, 2006 WL 3734656, *1 (E.D. Cal. 2006). A totally incomprehensible claim or complaint is without an arguable basis in law and is subject to dismissal. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds.

Additionally, Quigley's pleading must comply with Fed. R. Civ. P. 10(b). Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

This permits the individual defendants to answer the allegations by simply referring by number to the paragraphs of the complaint. *Id.*

Based on the foregoing, and in view of Quigley's pro se status, the Court will afford her an opportunity to file an amended complaint. In doing so, Quigley's amended pleading must comply with Rules 8(a) and 10(b).

## IV. Conclusion

Based on the foregoing, the Court finds Quigley's complaint, as presently pled, is subject to dismissal for failure to state a claim on which relief could be granted. But the Court will afford her an opportunity to file an amended pleading that conforms to the requirements of this order.

Therefore, IT IS ORDERED that on or before **March 22, 2019,** Quigley shall file an amended complaint. The Clerk of Court is directed to provide her with a standard form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Quigley's amended complaint shall set forth a short and plain statement of her claims against each individual defendant showing that she is entitled to relief.

At all times during the pendency of this action, Quigley shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure

to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Quigley is also advised that her failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 25th day of February, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge